THE ADELBERT COLLEGE OF WESTERN RESERVE UNIVERSITY v. THE TOLEDO, WABASH AND WESTERN RAILWAY CO., ET AL.

STATUTES OF LIMITATION IN CONTRACTS.

An action to enforce a lien upon the property of a consolidated railroad company, based upon an amount alleged to be due on equipment bonds issued by a constituent company, is an action founded on a written contract, and would be governed by the fifteen years' statute of limitation.    The statute of limitations ought to be uniform and should be based upon the longest term given to bring the suit.

(For a full decision of this case by the common pleas see Vol. 5, Ohio Dec.

HAYNES, J.

We have heard the argument of counsel, and have endeavored to give this case a thorough examination—sufficient, at least, to satisfy ourselves fully how we ought to decide it; but we do not deem it necessary to go into the delivery of a lengthy opinion in the case.    Judge Pugsley, in delivering the opinion of the court of common pleas, took very great pains, and at great length, stated his views of the case, and did so very

Adelbert College v. Railroad Company et al.

fully, and, of course, very ably; and with that opinion we are fully satisfied, with a single exception, and will permit his statement of his views to stand as our statement of our views of the case. The exception is with regard to the statute of limitations. He says, very properly, that the question of the statute of limitations is one of great doubt, but he arrives at the conclusion that the statute of ten years covers the case. We are not able to agree with him in that view of the case. We say with him that the question is not a clear one, by any means, but we think the better opinion is that the statute of fifteen years should govern. An examination of the Comption case, which we are bound to follow, and which we do follow, will show, we think, that that case is based upon two propositions, or two causes of action, if you please to call them so; one is, that the corporation will not be permitted to transfer all its property under the terms of the statute and upon the terms of the statute without really creating a lien in favor of these creditors. And it was upon that proposition that one of the judges of the supreme court dissented, following as he stated the decision of the supreme court of the United States in the case of *Hamm* v. *The Wabash Ry. Co.* The other proposition seems to be upon the ground of the agreement that was entered into by the companies at the time of consolidation, and makes that the basis of the action. One of those, in our judgment, would be founded on contract, and would be governed by the fifteen years' statute of limitation, and the other would be founded upon a statutory liability, perhaps the equity arising out of the general law of the subject, and be governed by the ten years' clause. The best light that we can obtain from the authorities is, that the statute of limitations, in a case of that kind, ought to be uniform; and further, that the statute of limitation should be based upon the longest term given to bring the suit. For these reasons we have come to the conclusion that the fifteen year clause should govern.

MR. SMITH: Judge Pugsley did not find it necessary to examine the question of abatement. We understand your honors do not express any opinion on that feature of it?

HAYNES, J.: No.

MR. SMITH: The decree in this case will include the coupons for the four years between 1875 and 1879 that were excluded—which includes them all?

HAYNES, J.: Yes; that may be done.